IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFREDO LIMON-GUEVARA, ) | | |
| ID # 46261-177, ) | | |
| Movant, ) | No. 3:15-CV-654-D | |
| vs. ) | No. 3:13-CR-217-D (2) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received February 26, 2015 (doc. 2), should be **DENIED** with prejudice.

**I. BACKGROUND**

Alfredo Limon-Guevara (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-217-D. The respondent is the United States of America (Government).

**A.   Plea and Sentencing**

On June 12, 2013, Movant was charged by indictment with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One), and with possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) (Count Two).  (*See* doc. 21.)[1] On November 15, 2013, he pled guilty.  (Docs. 46, 103.)

On January 17, 2014, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2013 United States Sentencing Guidelines Manual (USSG).  (*See* doc. 54-1 at 7, ¶ 20.)  It found that Count Two embodied conduct that was treated as a specific offense

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:13-CR-217-D.

characteristic in the guideline applicable to Count One, so it grouped the counts together under USSG § 3D1.2(c). (*See id.* at 7, ¶ 22.) The offense level for the group was determined by the highest offense level of the two counts, *see* USSG § 3D1.3(a), so the PSR used the offense level for Count One, 38, *see* doc. 54-1 at 7, ¶ 23. It increased the offense level by two levels because Movant possessed a firearm and by another two levels because he received the drugs from Mexico via a United Parcel Service delivery. (*See id.* at 8, ¶¶ 24, 25.) The offense level was reduced by two levels for acceptance of responsibility. (*See id.* at 8, ¶ 31.) An addendum to the PSR, filed on April 8, 2014, reduced the offense level by one more level for acceptance of responsibility, resulting in an offense level of 39. (*See* doc. 69-1 at 4, ¶¶ 32, 33.) With a criminal history category of three, the guideline range was 324 months to 405 months of imprisonment. (*See id.* at 4, ¶ 61.) The statutory maximum sentence for Count Two was 120 months of imprisonment. (*See* doc. 54-1 at 14, ¶ 60.)

At sentencing, the Court found that the criminal history category overstated the seriousness of Movant's prior criminal conduct and reduced the criminal history category to two, which resulted in a guideline range of 292 months to 365 months. (*See* doc. 104 at 83.) It sentenced Movant to 292 months' imprisonment for Count One, and to 120 months' imprisonment for Count Two. (*See id.* at 85; doc. 95 at 2.) Movant's appeal was dismissed pursuant to his motion. (*See* doc. 109; *United States v. Limon-Guevara*, No. 14-11252 (5th Cir. March 13, 2015).)

**B.** **Substantive Claims**

Movant claims that trial counsel was ineffective for failing to seek a plea agreement because Movant owed her money for her services, and for failing to communicate a plea offer. (3:15-CV-654-D, doc. 2 at 4-7; doc. 3 at 1-3.) The Government filed a response on May 29, 2015. (*Id.*, doc. 9.) Movant filed a reply brief on June 30, 2015. (*Id.*, doc. 10.)

## II. NEW *JOHNSON* CLAIM

In *Petitioner's Supplemental Authority in Light of Johnson v. United States, 135 S.Ct. 2551 (2015)*, filed in the criminal case on May 17, 2016 (doc. 116), Movant asserts that his sentence was unconstitutional under *Johnson*. Because the filing expressly seeks to collaterally attack his conviction through a new claim that his sentence was unconstitutional under *Johnson,* it is properly liberally construed as a motion for leave to amend his § 2255 motion to add this claim. The Clerk of Court shall **DOCKET** the filing in the § 2255 case and shall terminate any pending motion associated with it in the criminal case.

**A.**     **Leave to Amend**

Where, as here, a responsive pleading has already been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading only with either the opposing party's written consent or the court's leave. Under this rule, the court should freely give leave when justice requires. FED. R. CIV. P. 15(a)(2). This rule applies to motions to vacate filed under 28 U.S.C. § 2255. *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). In this case, justice requires permitting the filing of an amendment, and the motion for leave to amend to raise an additional ground for relief based on *Johnson* is **GRANTED**.

**B.**     **Merits**

Movant contends his sentence was unconstitutional in light of *Johnson* because his sentence was enhanced with convictions for burglary of a vehicle, evading arrest, criminal trespass, assault – family violence, and possession of a prohibited weapon as crimes of violence.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical

injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. Movant was not sentenced under the ACCA, and his sentences were not enhanced under any statute or sentencing guideline regarding prior convictions for crimes of violence. *Johnson* does not apply to his case, and he is not entitled to relief.[2]

### III. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also

---

[2] The Supreme Court has granted certiorari in *Beckles v. United States*, No. 15-8544 (June 27, 2016), to determine whether *Johnson* should also apply to a residual clause under the sentencing guidelines that is identical to the ACCA residual clause, and if so, whether it should apply retroactively to cases on collateral review. Because Movant's sentences were not enhanced with prior convictions for crimes of violence, *Beckles* will not apply to his case.

waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends trial counsel rendered ineffective assistance.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing

whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.  Failure to Negotiate a Plea Agreement

Movant contends trial counsel was ineffective for failing to negotiate a plea agreement. He asserts counsel told him she would not engage in any plea negotiation because Movant owed her money for her services.

The record contradicts Movant's claim. The motion for continuance filed on his behalf stated:

> Counsel for Defendant continues negotiations with [the] Assistant United States Attorney . . . and is hopeful that a trial can be avoided and a plea agreement can be reached. Counsel for Defendant requests this continuance in order fully to review all of the plea documentation with Defendant so that he can make an intelligent decision regarding the disposition of this case.

(Doc. 40 at 1.) The PSR stated that the Assistant U.S. Attorney would not move for an additional one level reduction for acceptance of responsibility because Movant failed to waive certain appellate

rights. (Doc. 54-1 at 7, ¶19.) Counsel objected to the PSR and argued that "[t]he government has no authority to refuse to move for a third-point reduction under Sentencing Guidelines § 3E1.1(b) based on a refusal to enter into a plea agreement containing an appellate waiver." (Doc. 66 at 2.) These filings state or imply that there were plea negotiations.

In addition, Movant executed a factual resume stating that he had "received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him in this case." (Doc. 44 at 6.) When he pled guilty, he stated he was fully satisfied with counsel, counsel's representation, and counsel's advice. (Doc. 103 at 6.) Counsel informed the Court that there was no plea agreement. (*Id*.) Movant stated that no one threatened him or attempted to force him to plead guilty. (*Id*. at 7.) He did not state that counsel had abandoned him by refusing to negotiate for a plea agreement.

The record also shows that counsel did not abandon her role as Movant's advocate, even if he owed her money. She objected to the PSR for the government's failure to move for an additional one level reduction for acceptance of responsibility and regarding Movant's role in the drug offense. (*See* docs. 66, 87, 93.) At the sentencing hearing, counsel cross-examined the witness and argued at length about Movant's role. (*See* doc. 104 at 6-21, 43-74, 75-76.)

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement or that he would have accepted it. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir.2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have

7

offered a plea bargain even if [counsel] had pursued one.")); *see also United States v. Armstrong*, No. 2:12-CV-406, 2013 WL 5592331 at *10 (S.D. Tex. Oct. 10, 2013) (movant not entitled to relief for claim of ineffective assistance for failure to negotiate a plea agreement, where record did not show what plea discussions took place and movant did not allege he would have accepted a plea offer). Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

B.   **Failure to Communicate Plea Offer**

Movant also asserts that counsel failed to communicate any plea offer.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate to the client formal favorable plea bargain offers. 132 S.Ct. at 1408. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, a defendant must demonstrate a reasonable probability she would have accepted the earlier plea offer, that the plea would have been accepted by the trial court, and that it was a plea to a lesser charge or to a sentence of less prison time. *Id*. at 1409.

Movant does not allege that there was a plea offer, or any facts that lead him to believe that there was a plea offer. His speculative conclusory claim does not entitle him to relief. *See United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013); *United States v. Woods*, 870 F.2d at 288 n.3. He has also not alleged prejudice because he does not assert that he would have accepted any plea offer. *See Frye*, 132 S.Ct. at 1408; *Chapman v. United States*, No. EP-14-CV-0062, 2015 WL 2339114, at *9 (W.D. Tex. May 13, 2015); *United States v. Hennis*, No. 3:14-CV-248, 2015 WL 251261, at *6 (S.D. Miss. Jan. 20, 2015). He has not shown entitlement to relief on this basis.

## V.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO ORDERED** this 6th day of February, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE